## F. D. ELLIS *v.* H. LULL & E. W. LULL.

Depositions, taken too late to be used on a trial before the jury, may still be used on a trial before an auditor, under a strict construction of the 20th rule of court.

Where two or more persons are subject to a joint duty  or obligation upon notice, and where other special notice is not made necessary by statute or by contract,  a notice addressed to *all* and served on *one* is notice to all.   It will be sufficient if any *one* of the  parties residing within the distance required by the statute  be *notified*; a *legal* notice on  him binding all the other parties jointly liable.

Generally, the shortest route of public travel to a given point is regarded as the just and legal route, both in making service of legal notices, and in giving compensation therefor.

AT the hearing before the auditor, who was appointed October Term, 1859, the plaintiff offered depositions taken at Boston, on  the 23d and 24th day of April, 1863, to be used at the April term  of said court  to have been holden on the 28th of said April.   There having been no appearance at the caption by defendants, they objected to the admissibility of said depositions under the 20th rule of court.   The depositions were in fact taken to be used before the auditor.   The  notice of taking  was served on H. Lull only, on the 11th day  of said April, who lived in Columbia, 28 miles from Lancaster, the place  of audit, and the  other defendant, in the same town, 10 miles more remote from Lancaster and Boston, and it is agreed for the purpose of this case, that by no  possible route to Boston could the time of notice be sufficient  if reckoned to the most distant defendant's residence, but was sufficient if H. Lull had been sole defendant, and computing by the short route.

It is further agreed that the notice gave sufficient time  to H. Lull by the short route to Boston, by Lancaster, Franconia Notch and Plymouth, but by the ordinary railroad route the time was too short.

*Ray*, for plaintiff.

*Burns & Fletcher*, for defendants.

NESMITH, J.   UNDER the 20th rule of court, the depositions taken in this case could not be used in the trial of the action before  the jury. Under that rule, they would be regarded  as having been  taken out of time.   But the case finds that they were to be used before an  auditor. We do not understand that the prohibition of  this rule extends to depo-

sitions to be used before auditors or referees. The rule may properly be construed strictly, as being in derogation of the general provisions of the statute, permitting depositions to be used in the trial of civil cases, and, therefore, not to be extended beyond the fair interpretation of the language there employed. The language of the rule embraces jury trials alone :—"No deposition, which has been taken after the Tuesday next preceding the Tuesday, on which the term commences, *shall be used in the trial of any cause before a jury.*" Hence, the rule does not seem to prevent the use of depositions taken to be used before auditors, and other similar tribunals, if competent in all other respects, more especially as it is in the power of such tribunals to give necessary opportunities for cross-examination.

Objection is made, that the notice for taking these depositions was served on H. Lull alone, and not upon the other co-defendant. The sufficient answer to this objection is found in the explicit and plain language of the 15th section of chap. 200, Comp. Laws, page 486. The section prescribes, "that the party proposing to take such deposition shall cause a notice in writing signed by a justice, &c., to be delivered to the adverse party, or *one* of them, or left at *his* usual place of abode," &c. It seems to be in the power of the party serving the notice to elect but one of the adverse party; and, of course, he would be inclined to select that one upon whom to make the service of the notice, that would enable him most perfectly, or conveniently, to comply with the terms of the statute. It would be both the interest and duty of the plaintiff to serve the notice upon that defendant, whereby the service might be made legal. Hence, H. Lull, who resided nearer to Boston (the place of caption,) than his co-defendant, is properly selected as the appropriate individual upon whom to make the service in this instance. The plaintiff, by the service on H. Lull, has thus secured a good service of his notice, and given to the defendants an opportunity to cross-examine his witnesses; and if the defendants have not availed themselves of this privilege it is their own fault. Generally, the shortest route of public travel to a given point is regarded as the just and legal route both in making the service of legal notices, and in giving compensation therefor. Therefore, the Franconia route, in estimating the true distance from Boston to Columbia, may have been properly selected. That railway facilities may have enabled the party to have reached the place of caption in this case upon some longer route, though in a shorter time, does not furnish grounds for complaint, or objections to the legality of the notice here given. *Scammon* v. *Scammon*, 33 N. H. 60.

Our statute upon that subject follows the general rule at common law : "That where two or more persons are subject to a joint duty or obligation upon notice, and where other special notice is not made necessary by statute, or by contract, a notice addressed to all, and served on *one* is notice to all." *Knight* v. *Fifield & al.*, 7 Cushing, 264; *Morse* v. *Aldrich & als.*, 1 Metcalf, 544, and cases there cited.

We think the depositions should be used, and the case be discharged.